IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Antwon Lanier, | Case No. 4:12 CV 1902 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ed Sheldon, *Warden*, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Antwon Lanier filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). This case was referred to the Magistrate Judge, whose Report and Recommendation ("R&R") recommended that this Court deny the Petition (Doc. 9). Petitioner timely objected (Doc. 10). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's conclusions de novo. For reasons that follow, this Court adopts the R&R and denies the Petition.

### BACKGROUND

Petitioner objects to the entire R&R, including its recitation of facts, arguing specifically that a Co-defendant lied under oath (Doc. 10). However, findings of fact made by a state court are presumed to be correct. *See* 28 U.S.C. § 2254(e). Federal courts are not forums for trying facts and issues that a petitioner failed to pursue in state court. *Autry v. Estelle*, 464 U.S. 1, 3 (1983). Finding

no further objections to the procedural history and facts as set forth in the R& R (Doc. 9 at 1–7), this Court incorporates them by reference and briefly sets them forth below.

* * *

Petitioner was indicted on six counts: two counts of aggravated murder; one count of rape; two counts of kidnaping; and one count of aggravated robbery (Doc. 8-1 at 1–4). After a jury trial in the Mahoning County Common Pleas Court, he was found guilty on all charges (Doc. 8-1 at 6–17). Petitioner appealed to the state appellate court asserting five trial errors:

1. *Miranda* -- The prosecution's inquiry into Petitioner's post-arrest silence violated the Fifth and Fourteenth Amendments right to remain silent.

2. *Crawford* -- The trial court erred in allowing hearsay testimony of an examining technician, through a DNA analyst, who did not examine DNA samples personally.

3. Manifest weight -- The manifest weight of the evidence supported acquittal.

4. Sufficiency -- The state failed to offer admissible evidence in support of Petitioner's rape conviction.

5. Cumulative Error -- Multiple instances of error, combined, caused reversible error in Petitioner's case.

(Doc. 8-1 at 34–48).

The state appellate court affirmed the judgment and overruled all of Petitioner's assignments of error. Petitioner appealed to the Ohio Supreme Court asserting that this is a case of great public interest and involves a substantial constitutional question:

Only if the state lays a foundation unequivocally indicating that a testifying DNA technical personally performed a DNA test, may a Court accept that evidence not in violation of the Sixth Amendment Confrontation Clause.

(Doc. 8-1 at 117–127).

2

Petitioner raised no other grounds in the Ohio Supreme Court. Petitioner was denied leave to appeal, with the Ohio Supreme Court finding the appeal did not involve a substantial constitutional question. Petitioner filed his Petition in this Court, reasserting the five claims initially asserted on direct appeal.

## DISCUSSION

This Petition was filed after the passage of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), so its provisions apply. *See Woodford v. Garceau*, 538 U.S. 202, 205–06 (2003). The highly deferential AEDPA "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). 28 U.S.C. § 2254 provides that a federal court may only issue a writ of habeas corpus if the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Applying this standard, the Magistrate properly recommended dismissal of Petitioner's second claim.

**Procedural Default**

The Sixth Circuit applies a three-part test to determine if a claim is procedurally defaulted: (1) petitioner fails to comply with a state procedural rule; (2) state courts enforce the rule; and (3) the state procedural rule is an "adequate and independent" state ground for denying federal habeas review. *Wogenstahl v. Mitchell*, 668 F. 3d 307, 321 (6th Cir. 2012) (citing *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*)); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The Sixth Circuit acknowledges that Ohio courts have established a rule that bars consideration of claims that should have been raised on direct appeal. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001); *see State v. Cole*, 2 Ohio St. 3d 112, 113 (1982). The Sixth Circuit held that this rule is regularly and consistently applied by Ohio courts and constitutes an adequate and independent state ground to deny relief. *Buell*, 274 F. 3d at 348; *see also Byrd v. Collins*, 209 F.3d 486, 521-22

(6th Cir. 2000). Once a claim is procedurally defaulted, a court will grant habeas review only if a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Wogenstahl*, 668 F. 3d at 321 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The Magistrate properly recommended dismissal of Petitioner's remaining claims. Petitioner failed to present any of these claims on direct appeal to the Supreme Court of Ohio, even though they were available to him. Therefore, all three *Buell* factors are satisfied. Petitioner also has not shown the requisite cause and prejudice or miscarriage of justice to overcome procedural default. Therefore, Petitioner's first (*Miranda*), third (manifest weight), fourth (sufficiency) and fifth (cumulative error) claims are procedurally defaulted and precluded from review on the merits.

**Confrontation Clause**

The Magistrate correctly determined that whether evidence constitutes inadmissible hearsay in state court is a state law issue, outside the scope of habeas review. *See Sanborn v. Parker*, 629 F.3d 554, 575 (6th Cir. 2010) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) ("[I]t is not within the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Furthermore, this Court agrees with the Magistrate's finding that the testifying DNA analyst actually did perform tests on samples collected from Petitioner. Therefore, this in-court testimony does not constitute hearsay (Doc. 8-2 at 58–61). Because Petitioner's counsel had an opportunity to cross-examine the testifying DNA analyst who actually performed the tests (Doc. 8–2 at 73–105), this Court adopts the Magistrate's conclusion that Petitioner's Confrontation Clause argument must fail.

## CONCLUSION

For the forgoing reasons, this Court adopts the R&R (Doc. 9) and denies the Petition. Additionally, Petitioner's request for an attorney (Doc. 11) is denied as moot. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, this Court finds there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 27, 2013